**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13125

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ARAEL MARTINEZ PEREZ,

a.k.a. Jorge Martinez Perez,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00215-RAL-AEP-1

_____

Before JILL PRYOR, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

Arael Martinez Perez appeals his sentence of 36 months' imprisonment for illegal reentry after deportation for an aggravated

felony. *See* 8 U.S.C. §§ 1326(a), (b)(2). Martinez Perez argues that because his case is "run-of-the-mill" and because 36 months is "far greater than necessary" to accomplish the statutory purposes of sentencing, his sentence is substantively unreasonable. Because the district court did not abuse its discretion in sentencing Martinez Perez to 36 months' imprisonment, we affirm.

## I.

Martinez Perez entered the United States on an unknown date. In 2003, he was convicted of forgery after presenting a fake resident alien card to a police officer investigating a hit and run. The following month, immigration officials deported Martinez Perez, but he returned at an unknown date. In 2004, Martinez Perez was convicted of driving under the influence. Over the next two years, he evaded detection by immigration officials but continued to sustain arrests for various offenses.

In 2006, Martinez Perez was again charged and convicted of driving under the influence. The following month, he was charged and convicted of domestic abuse after kicking his girlfriend in the shin, striking her in the face with a closed fist, and pulling a set of car keys from her in a manner that resulted in a cut. Later that same year, Martinez Perez was convicted and sentenced to 15 months' imprisonment for reentry of a removed alien.

In 2007, immigration officials deported Martinez Perez. He later reentered the country, but was arrested for forgery after presenting a falsified driver's license to the police. Immigration

officials promptly deported Martinez Perez, but he reentered the country on an unknown date.

In 2010, officers arrested Martinez Perez for driving while under the influence. He was thereafter convicted of reentry of a removed alien following conviction for an aggravated felony and sentenced to 30 months' imprisonment, after which he was deported for a fourth time. In 2016, Martinez Perez was convicted of operating a vehicle without a driver's license and while under the influence.

In May 2024, ICE agents arrested Martinez Perez, and the government charged him in an indictment with illegal reentry of a removed alien. The indictment noted that Martinez Perez had three prior felony convictions: one for forgery in 2003 and two for illegal reentry of a removed alien in 2006 and 2011, respectively. The indictment further alleged that he had been removed from the U.S. four separate times—in 2003, 2007, 2010, and 2013. Martinez Perez pleaded guilty without a plea agreement.

Consistent with U.S.S.G. § 2L1.2(a), the PSI initially calculated a base offense level of eight, based on Martinez Perez's conviction under 8 U.S.C. § 1326(a) and (b)(2). The PSI applied an enhancement of four levels because Martinez Perez sustained the conviction for the present offense after sustaining a prior illegal reentry offense. *See* U.S.S.G. § 2L1.2(b)(1)(A). The PSI then applied a two-level reduction for acceptance of responsibility, yielding a total offense level of 10. *See id.* § 3E1.1(a).

When calculating Martinez Perez's criminal history, the PSI added three criminal-history points for his conviction for reentry of a removed alien following conviction for an aggravated felony in 2010, and one criminal-history point for his conviction for driving under the influence in 2016. Martinez Perez's other convictions for driving under the influence, for reentry of a removed alien, for domestic abuse, and for forgery were too old to contribute to his criminal-history score.

The PSI further noted that Martinez Perez had eight other arrests that did not result in a conviction, including two active warrants for driving under the influence, one active warrant for driving without a driver's license, and another arrest for driving under the influence for which charges were later dropped. Based on his criminal-history points, Martinez Perez had a criminal-history score of III.

The Guidelines imprisonment range was 10 to 16 months with a term of supervised release of one to three years. Martinez Perez's conviction carried a 20-year statutory maximum sentence. The PSI noted that a sentence above the Guidelines range might be warranted based on Martinez Perez's "criminal history, which involves two prior Illegal Re-Entry convictions and multiple non-immigration related convictions."

The district court imposed a sentence of 36 months' imprisonment to be followed by three years of supervised release, a variance from the Guidelines range of 10 to 16 months. The district court stated that it had considered the Sentencing Guidelines and

24-13125              Opinion of the Court              5

all of the factors in 18 U.S.C. § 3553(a)(1)-(7), and that it had found that the sentence was "reasonable" and "sufficient but not greater than necessary to comply with the statutory purposes of sentencing."

The court explained that Martinez Perez's danger to the community justified the variance: "[T]his man is a menace. . . . 2004, operating while intoxicated. 2005, operating while intoxicated. And, of course, he's got a domestic violence, and he has the reentry of removed alien. And all of those -- and also the forgery. And all of those, by the way, are not scored. Then he has another reentry. . . . And now he has pending another DUI in Hillsborough County. And he keeps returning to this country. . . . If ever there was a case for an upward variance, this is it."

Martinez Perez appealed.

## II.

"We review 'all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

## III.

Martinez Perez argues that his sentence is substantively unreasonable for two reasons: first, because his case is "run-of-the-mill," and second, because his sentence of 36 months—125% above

the high end of his Guidelines range— is "far greater than necessary" to accomplish the statutory purposes of sentencing.

We begin with Martinez Perez's first argument. In his view, the fact that 92% of illegal reentry offenders have at least one prior conviction (like him) and that most illegal reentry offenders have a criminal-history category of II or III (again, like him) puts his case on all-fours with the typical "mine-run" case. Thus, he contends that we "must scrutinize more closely whether the district court had a compelling justification for its extreme upward variance." We disagree.

It is true that "closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range 'fails properly to reflect [section] 3553(a) considerations' *even in a mine-run case." Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (emphasis added) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)). But even if we stipulate to some general similarities between Martinez Perez's case and other cases, Martinez Perez nevertheless fails to demonstrate that his case is merely "run-of-the-mill." As an initial matter, Martinez Perez ignores the fact that his criminal-history category was III only because it did not include multiple prior convictions and prior uncharged offenses. Martinez Perez likewise ignores his long, documented history of endangerment of the public—evidenced both by his convictions for domestic abuse and for multiple instances of driving under the influence. His eight prior convictions, two active arrest warrants for DUI, and active arrest warrant for forgery all

24-13125                Opinion of the Court                7

underscore his continuing disrespect for the law. Martinez Perez has been deported four times and convicted twice of illegal reentry, and he offers no compelling reason to believe that he will not attempt to reenter the country again.

We turn now to Martinez Perez's second argument. Martinez Perez contends that because only 1.4% of illegal reentry cases receive an upward variance and because the average upward variance is 74.6%, an upward variance of 125% is greater than necessary to accomplish the statutory purposes of sentencing. Again, we disagree.

The district court's 125% upward variance was consistent with the fact that Martinez Perez's criminal-history category did not reflect two prior DUI convictions, one prior domestic abuse conviction, one illegal reentry conviction, one forgery conviction, and three additional arrests for DUI. The upward variance is likewise consistent with the district court's concern for the public—which may be harmed by repeated instances of drunk driving—and the inadequacy of three DUI convictions and another three arrests for DUI over the course of 20 years to deter Martinez Perez or promote respect for the law. *See* 18 U.S.C. § 3553(a)(2)(C). Furthermore, the upward variance is 17 years below the statutory maximum term of imprisonment—another indicator of the sentence's reasonableness. *See United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014) (explaining that a sentence imposed well below the statutory maximum penalty is an indicator of reasonableness). On

8                    Opinion of the Court                    24-13125

this record, we cannot say that the district court abused its discretion in sentencing Martinez Perez to 36 months' imprisonment.

**IV.**

For the foregoing reasons, we **AFFIRM**.